UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | | |
|---|---|---|
| RONALD JAMES BREWER, | ) | No. ED CV 11-01346-DMG (VBK) |
| | ) | |
| Plaintiff, | ) | ORDER RE DISMISSAL WITH LEAVE TO |
| | ) | AMEND |
| v. | ) | |
| | ) | |
| FRANK TAYLOR, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| —————————————————— | ) | |

Ronald James Brewer (hereinafter referred to as "Plaintiff"), appearing pro per, filed a Civil Rights Complaint pursuant to 42 U.S.C. §1983 on September 12, 2011, pursuant to the Court's Order re Leave to File Action without Prepayment of Full Filing Fee. Plaintiff has named as Defendants Captain Frank Taylor and Lt. Gay Fredrickson in their individual capacities. (Complaint at 2-3.)

**STATEMENT OF FACTS**

Plaintiff alleges that Defendants were "deliberately indifferent" on March 8, 2011 in responding to Plaintiff's grievances. Plaintiff alleges that on March 7, 2011, he lodged a complaint against jail officials arguing that the 30-day review of an inmate's administrative

segregation placement accorded by the Riverside County Sheriff's department did not comport with due process. (Complaint at ¶ 18.) Plaintiff alleges that Defendant Lt. Fredrickson's response was provided within 24 hours of the initial complaint, which is unheard of in Plaintiff's experience with jail grievances, and the response references a vague reason ( which Plaintiff alludes is a ruse) for Plaintiff's placement in administrative segregation, even though no explanation for such placement was sought by Plaintiff in the March 7, 2011 complaint. (Complaint at ¶ 19.) Plaintiff also alleges on March 8, 2011, he received a response from Defendant Captain Taylor, which was a "cover or a ruse to silence and punish Plaintiff for his successful use of the jail's grievance system." (Complaint at ¶ 20.) Defendant Captain Taylor allegedly asserted in his response to Plaintiff's grievance that "you requested a written response as to your placement in administrative segregation". Defendant Lt. Fredrickson responded to your grievance dated March 7, 2011 regarding your placement in administrative segregation and provided you with a reason, thus satisfying Plaintiff's request for a written response. Id. Defendant Captain Taylor then stated in his March 8, 2011 decision to suspend Plaintiff's grievance rights "based on your repeated grievances regarding the same issue." Plaintiff's grievance privilege was suspended. (Id.)

Plaintiff alleges a violation of his rights under the First Amendment by jail officials who retaliate against him by using the grievance procedure to silence and punish Plaintiff for his successful use of the grievance system to improve jail conditions. (Complaint at p. 5.)

**STANDARD OF REVIEW**

Because Plaintiff is seeking to proceed in forma pauperis, the Court shall review such a complaint "as soon as practicable after docketing." Pursuant to 28 U.S.C. § 1915(e)(2), the District Court is required to dismiss a complaint if the Court finds that the complaint (1) is legally frivolous or malicious, (2) fails to state a claim upon which relief may be granted, or (3) seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915(e)(2)(B) (re: all in forma pauperis complaints).

A complaint may also be dismissed for lack of subject matter jurisdiction, pursuant to F.R.Civ.P. 12(b)(1). Neitzke v. Williams, 490 U.S. 319, 327 n.6, 109 S.Ct. 1827 (1989)(unanimous decision)(patently insubstantial complaint may be dismissed under Rule 12(b)(1) for lack of subject matter jurisdiction. When considering a dismissal, a Court must accept as true all allegations and material facts and must construe those facts in a light most favorable to the plaintiff. Resnick v. Hayes, 213 F.3d 443, 447 (9th Cir. 2000). However, a "court [is not] required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001). Nor is a Court "bound to accept as true a legal conclusion couched as a factual allegation." Ashcroft v. Iqbal, ___ U.S. ___, 129 S.Ct. 1937, 1949-50, 173 L.Ed.2d 868 (2009).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 129 S.Ct. at 1949 (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570, 127 S.Ct. 1955 (2007)). "A claim has facial plausibility when the plaintiff

pleads factual content that allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009)(citing Twombly, 550 U.S. at 556.)   "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant acted unlawfully." (Id.)   Although a complaint need not include "'detailed factual allegations,' ... [a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of the cause of action will not do.'" Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 555).   The Complaint must contain "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S.Ct. at 1949. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not 'show[n]' - 'that the pleader is entitled to relief.'" (Id. at 1950 [quoting Fed.R.Civ.P. 8(a)(2) (internal brackets omitted).

In civil rights cases in which the Plaintiff appears pro se, the pleadings must be construed liberally, so as to afford the plaintiff the benefit of any doubt as to the potential validity of the claims asserted. Karim-Panahi v. Los Angeles Police Dept., 839 F.2d 621, 623 (9th Cir. 1988).   If, despite such liberal construction, the Court finds that the complaint should be dismissed for failure to state a claim, the Court has the discretion to dismiss the complaint with or without leave to amend. Lopez v. Smith, 203 F.3d 1122, 1126-30 (9th Cir. 2000).   A pro se litigant should be given leave to amend, unless it is clear that the deficiencies of the complaint cannot be cured by amendment. Lopez, 203 F.3d at 1130-31; Cato v. United States, 70 F.3d

1  1103, 1106 (9th Cir. 1995); Noll v. Carlson, 809 F.2d 1446, 1448 (9th

2  Cir. 1987).

3

4  **DISCUSSION**

5  For all of the following reasons, the Complaint should be

6  dismissed with leave to amend.

7

8  **A.   Section 1983 Requirements**.

9  In order to state a claim under section 1983, a plaintiff must

10  allege that: (1) the defendants were acting under color of state law

11  at the time the complained of acts were committed; and (2) the

12  defendants' conduct deprived plaintiff of rights, privileges, or

13  immunities secured by the Constitution or laws of the United States.

14  West v. Atkins, 487 U.S. 42, 108 S.Ct. 2250 (1988); Karim-Panahi v.

15  Los Angeles Police Dept., 839 F.2d 621, 624 (9th Cir. 1988); Haygood

16  v. Younger, 769 F.2d 1350, 1354 (9th Cir. 1985) (en banc), cert.

17  denied, 478 U.S. 1020 (1986).   Liability under section 1983 is

18  predicated upon an affirmative link or connection between the

19  defendants' actions and the claimed deprivations. See Rizzo v. Goode,

20  423 U.S. 362, 372-73, 96 S.Ct. 598 (1976); May v. Enomoto, 633 F.2d

21  164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th

22  Cir. 1978).

23  A person deprives another of a constitutional right,

24  where that person "does an affirmative act, participates in

25  another's affirmative acts, or omits to perform an act which

26  [that person] is legally required to do that causes the

27  deprivation of which complaint is made." [citation]  Indeed,

28  the "requisite causal connection can be established not only

by some kind of direct personal participation in the
deprivation, but also by setting in motion a series of acts
by others which the actor knows or reasonably should know
would cause others to inflict the constitutional injury."
Johnson v. Duffy, 588 F.2d at 743-44.


Plaintiff's claims against Defendants are in their individual
capacities.  An individual defendant is not liable on a civil rights
claim unless the facts establish the defendant's personal involvement
in the constitutional deprivation or a causal connection between the
defendant's wrongful conduct and the alleged constitutional
deprivation.  See Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1984);
Johnson v. Duffy, 588 F.2d 740, 743-44 (9th Cir. 1978).

In order to allege facts sufficient to show a jurisdictional
basis for imposing liability, see Franklin v. Murphy, 745 F.2d 1221,
1234 (9th Cir. 1984), Plaintiff must allege facts to show that the
Defendants proximately caused the deprivation of rights of which
Plaintiff complains, or that Defendants in a supervisory capacity
failed to properly train or supervise personnel resulting in the
alleged deprivation, [that the alleged deprivation resulted from
official policy or custom for which Defendant was responsible], or
that Defendant knew of the alleged misconduct and failed to act to
prevent future misconduct.

A plaintiff "must allege facts, not simply conclusions, that show
an individual was personally involved in the deprivation of his civil
rights." Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998),
cert. denied, 525 U.S. 1154, 119 S.Ct. 1058 (1999); see Iqbal, 129
S.Ct. at 1950 (stating that a complaint must contain more than legal

6

conclusions to withstand dismissal for failure to state a claim).

Plaintiff's allegations regarding interference with his inmate appeals may intend to state a due process claim.  In order to state a cause of action for deprivation of due process, a plaintiff must first establish the existence of a liberty interest for which the protection is sought.  "[A prison] grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates." Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993).  A prisoner has no constitutional right to an effective grievance or appeal procedure, and the mere participation of prison officials in Plaintiff's administrative appeal process is an insufficient basis in which to state a federal civil rights claim against such defendants.  See also Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003)(no liberty interest in processing of appeals because no entitlement to a specific grievance procedure).  Thus, the alleged actions of Defendants relating to Plaintiff's inmate appeals cannot form a basis for a §1983 liability.  Plaintiff does not have any stand-alone constitutional right related to processing of his inmate grievances.  See Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988).  Because there is no right to any particular grievance process, it is impossible for due process to have been violated by ignoring or failing to properly process grievances.

Plaintiff also seems to couch his claim regarding the processing of inmate appeals in the form of a "retaliation" claim. An action taken in retaliation for the exercise of a federally protected right is actionable under §1983.  See Hines v. Gomez, 108 F.3d 265, 267 (9th Cir. 1997); Pratt v. Rowland, 65 F.3d 802, 806 (9th Cir. 1995).  To state a viable claim for retaliation and violation of the First

1  Amendment in the prison context, a plaintiff must show five basic
2  elements: "(1) an assertion that a state actor took some adverse
3  action against an inmate (2) because of (3) that prisoner's protected
4  conduct, and that such action (4) chilled the inmates exercise of his
5  First Amendment rights, and (5) the action did not reasonably advance
6  a legitimate correctional goal." See Brodheim v. Cry, 584 F.3d 1262,
7  1269 (9ᵗʰ Cir. 2009)(quoting Rhodes v. Robinson, 408 F.3d 559, 567-68
8  (9ᵗʰ Cir. 2005)).  To satisfy the causation element, Plaintiff must
9  show that his constitutionally protected conduct was a "substantial or
10 motivating factor" for the alleged retaliatory action.  See Mt.
11 Healthy City School Dist. Bd. of Educ. v. Doyle, 429 U.S. 274, 287, 97
12 S.Ct. 568 (1977).  Further, Plaintiff must show that the alleged
13 retaliatory actions of Defendants caused Plaintiff some injury (see
14 Resnick v. Hayes, 213 F.3d 443, 449 (9ᵗʰ Cir. 2000)(as amended));
15 Rhodes, 408 F.3d at 569.  Finally, the plaintiff bears the burden of
16 pleading or proving the absence of legitimate correctional goals for
17 the conduct of which he complains.  See Pratt, 65 F.3d at 806.

18     As shown above, Plaintiff has no substantive right in a grievance
19 procedure.  Moreover, Plaintiff cannot create a federal right where
20 none exists by adding the name "retaliation" to the claim.

21     It is now established beyond doubt that prisoners have a
22 constitutional right of access to the courts.  Bounds v. Smith, 430
23 U.S. 817, 821, 97 S.Ct. 1491 (1977).  Claims for denial of access to
24 the courts may arise either from the frustration or hindrance of "a
25 litigating opportunity yet to be gained" (forward-looking access
26 claim) or from the loss of a meritorious suit that cannot now be tried
27 (backward-looking claim).  See Christopher v. Harbury, 536 U.S. 403,
28 412-15, 122 S.Ct. 2179 (2002).  However, in order for Plaintiff to

establish any denial of access claim, Plaintiff must show that he suffered an "actual injury" as a result of the Defendants' actions. see Harbury, 536 U.S. at 415.  "In order to establish actual injury, the inmate must demonstrate that official acts or omissions "hindered his efforts to pursue [non-frivolous] legal claim." Phillips v. Hust, 477 F.3d 1070, 1076 (9th Cir. 2007)(quoting Lewis v. Casey, 518 U.S. 343, 351, 115 S.Ct. 2174 (1996).  Moreover, the right of access is limited only to cases involving a direct or collateral challenge to the conviction or sentence for which a plaintiff is incarcerated, or a civil rights action commenced pursuant to 42 U.S.C. §1983 to vindicate "basic constitutional rights." See Lewis, 518 U.S. at 354. Here, Plaintiff has failed to state an "actual injury."

### CONCLUSION AND ORDER

In an abundance of caution, Plaintiff will be afforded an opportunity to amend his Complaint to attempt to overcome the defects discussed above, and to allege a cognizable constitutional claim Accordingly, **IT IS HEREBY ORDERED**: (1) Plaintiff's Complaint is dismissed with leave to amend; and (2) Plaintiff is granted 30 days from the date of this memorandum and order within which to file a "First Amended Complaint."  The First Amended Complaint must be complete within itself and shall not incorporate by reference and

//

//

//

//

//

//

portion of the original Complaint.  Plaintiff may not add new parties without leave of the Court.  Failure to comply with the requirements set forth in this Memorandum and Order may result in a recommendation that this action be dismissed with prejudice.


DATED: September 16, 2011                    /s/
                                   VICTOR B. KENTON
                                   UNITED STATES MAGISTRATE JUDGE